IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| EDWARD A. JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:04-0496 |
| | ) | |
| H. L. KIRKPATRICK III, | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 19, 2004, Plaintiff, acting *pro se* and then in confinement at Southern Regional Jail, in Beaver, West Virginia, filed his Complaint in this matter pursuant to 42 U.S.C. § 1983, alleging violations of his civil and constitutional rights.[1] (Document No. 1.) Plaintiff did not pay the Court's filing fee or file an Application to Proceed *in forma pauperis*. By Standing Order filed on March 20, 2004, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined the record, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and (iii) because the Defendant has absolute immunity under the circumstances which Plaintiff alleges and the Complaint therefore fails to state a claim for which relief can be granted.

In his Complaint, Plaintiff alleges that Defendant H. L. Kirkpatrick, Raleigh County Circuit Judge, violated his due process rights when Defendant Judge Kirkpatrick issued an order after

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Plaintiff's criminal trial forcing Plaintiff to submit a psychological/psychiatric examination to determine Plaintiff's competency.   (Document No. 1.)[2]

The law is clear that judges are absolutely immune from suit for their judicial actions. See Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991); Forrester v. White, 484 U.S. 219, 225-26, 108 S.Ct. 538, 543-44, 98 L.Ed.2d 555 (1988); Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331, *reh'g denied*, 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795 (1978). Judges are not divested of this immunity even when their judicial actions are in error or in excess of their authority. Only when a judge acts "in the 'clear absence of all jurisdiction,'" will he be subject to liability. Stump v. Sparkman, 435 U.S. at 356-57, 98 S.Ct. at 1104-05. To determine whether a judge's actions are judicial, the nature of the act itself must first be examined to see if the actions are those normally performed by a judge. Id. Second, the expectations of the parties must be examined to see if they dealt with the judge in his judicial capacity. Id. at 362, 98 S.Ct. at 1107-08 (Finding that the factors in determining whether a judge's act is considered judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."); see also, Yoder v. Workman, 224 F.Supp.2d 1077, 1079 (S.D. W.Va. 2002).

In considering the first prong of the analysis, it is clear that Defendant Judge Kirkpatrick's act of issuing an order that Plaintiff undergo a psychological/psychiatric examination to evaluate Plaintiff's competence to stand trial and to determine whether Plaintiff was criminally responsible for his actions when the alleged offenses occurred is a judicial function. When the order was issued,

---

[2] Plaintiff also appears to allege that certain unnamed medical, psychiatric, and psychological experts, including members of the forensic unit at South Central Jail, committed malpractice by evaluating him against his will as a result of the Court Order.

the parties were dealing with Defendant Judge Kirkpatrick in his official capacity as a judicial officer of the court. Without drawing any conclusions as to whether the order issued by Defendant Judge Kirkpatrick was proper, the undersigned finds that these allegations, if proven, would merely constitute judicial error, for which absolute immunity attaches. Accordingly, the undersigned finds that Defendant Judge Kirkpatrick is absolutely immune from suit under 42 U.S.C. § 1983. Moreover, the medical providers who conducted the psychological/psychiatric examination are likewise entitled to absolute immunity as they merely performed the evaluation as ordered by Defendant Judge Kirkpatrick. See Williams v. Rappeport, 699 F.Supp. 501 (D. Md. 1988) (holding court appointed psychiatrist and psychologist have absolute immunity for recommendations when acting pursuant to a court order), *aff'd sub nom.* Williams v. Dvoskin, 879 F.2d 863 (4th Cir.), *cert. denied,* 493 U.S. 894, 110, S.Ct. 243, 107 L.Ed.2d 193 (1989).

For the foregoing reasons, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1) and remove this case from the Court's docket.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be sent or otherwise delivered to Chief United States District Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff who is acting *pro se*.

Date: March 14, 2006.

*[signature]*
R. Clarke VanDervort
United States Magistrate Judge